NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIANE KING,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2015-3005

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-12-0143-W-3.

---

Decided: March 4, 2015

---

DIANE KING, Prattville, AL, pro se.

EMMA BOND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before PROST, *Chief Judge,* DYK, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Diane King appeals from a decision of the Merit Systems Protection Board (the "Board") denying King's request for corrective action under the Whistleblower Protection Act ("WPA"). We affirm.

BACKGROUND

In May 2011, Ms. King was terminated from her position as a Medical Technologist at the Winn Army Community Hospital. The termination, which occurred during King's one-year probationary period, was for "Conduct Unbecoming a Federal Employee." Appellee's App. 42 (hereinafter "App.").

Ms. King filed an individual right of action appeal to the Board, arguing that she was terminated in retaliation for making protected disclosures in violation of the WPA. Specifically, Ms. King argued that she disclosed (1) that another employee improperly put labels on test tubes that were supposed to be anonymous and (2) that instructions contained in the Blood Bank Procedure manual could lead to patient death. The administrative judge ("AJ") held that Ms. King had established a prima facie case of whistleblowing reprisal. However, the AJ also determined that the agency had established by clear and convincing evidence that it would have terminated Ms. King even in the absence of her whistleblowing. The AJ denied Ms. King's individual right of action appeal.

The full Board denied review. The Board concluded that "ample evidence" supported Ms. King's termination. *Id.* at 11. The full Board also concluded that Ms. King "did not identify any direct or circumstantial evidence of retaliatory animus, proffered no evidence of retaliatory motive, presented no evidence about any other probationers who behaved as she did and were not terminated, did not support her allegation that the agency's witnesses

were untruthful, and offered no evidence of collusion." *Id.* at 12.

Ms. King seeks review of the Board decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of the Board's decision is limited in scope. We may only set aside an agency's "action, findings, or conclusions" if they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The question here is whether the agency properly established "by clear and convincing evidence that it would have taken the same personnel action in the absence of [a protected] disclosure." 5 U.S.C. § 1221(e)(2). We have identified three factors relevant to this determination: (1) "the strength of the agency's evidence in support of its personnel action"; (2) "the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision"; and (3) "any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated." *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

With respect to the first *Carr* factor, the AJ found "evidence of serious performance and behavior problems . . . ." App. 21. When removing Ms. King, the agency stated that she "ha[d] been discourteous to [her] co-workers and [she] ha[d] disrupted the work environment." *Id.* at 42. Ms. King had failed a competency exam, had numerous conflicts with her trainers and other co-workers, and had refused to follow directions. At least three of her co-workers came to Ms. King's supervisor to express concerns that Ms. King created a hostile work

environment. Ms. King admitted that she had called a co-worker a compulsive liar, rabid, and dysfunctional, and accused that co-worker of suffering from delusions. The AJ concluded that

> no reasonable agency management official would tolerate a probationary employee who cannot get along with coworkers, who fails to effectively communicate, and who creates an unpleasant work environment for her coworkers, much less one who speaks disrespectfully of her supervisors and coworkers while seemingly unable or unwilling to learn the skills necessary to perform successfully in her new job.

*Id.* at 22. Ms. King challenges the AJ's findings, including his credibility findings. The Board's findings are amply supported by the evidence.

As to the second *Carr* factor, the AJ concluded that Ms. King "presented no evidence to show that either [her direct supervisor or the management official taking the personnel action] had any motive to take a reprisal action against her." *Id.* at 21. Ms. King argues that her entire chain of command met and decided to terminate her employment. But this does not point to a motive by the decision-makers to retaliate under the second factor. The AJ noted that both Ms. King's direct supervisor and the management official who took the personnel action had viewed Ms. King's whistleblowing favorably. [1]

---

[1] King further argues that the Board ignored the "cat's paw" issue, as described in cases like *Staub v. Proctor Hospital*, 131 S. Ct. 1186, 1190, 1192 (2011)—whether the deciding official was improperly influenced by someone with animus. But there is no evidence that someone with animus against Ms. King had influence over the decision-makers.

With respect to the third *Carr* factor, the AJ stated that Ms. King "[wa]s unable to point to any probationer who engaged in comparable misconduct who has not been terminated during her probationary period." *Id.* Ms. King argues that, while there were no other probationary employees, another non-whistleblower employee was insubordinate but was not disciplined. Ms. King acknowledges that there were no similarly situated probationary employees, and non-probationary employees are not situated similarly to King. The Board did not err in holding that the agency properly established "by clear and convincing evidence that it would have taken the same personnel action in the absence of [a protected] disclosure." 5 U.S.C. § 1221(e)(2).

Ms. King also argues that she "was not made aware of [certain] statements [relied on by the agency in her termination] and therefore, could not respond [to the notice of proposed removal]." Appellant's Br. 2. There is no claim that Ms. King lacked access to the witness statements during the Board proceedings. If Ms. King had been an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(A), her argument concerning lack of notice at the agency level might have some relevance under our decision in *Stone v. Fed. Deposit Ins. Corp.*, 179 F.3d 1368 (Fed. Cir. 1999), but we have not held that *Stone* applies to probationary employees and, in any event, Ms. King did not raise this issue with the Board in her petition for review, and the full Board did not address this argument.

**AFFIRMED**