NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————

**TERRI V. STRICKLAND-DONALD,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

—————————

2016-1635

—————————

Petition for review of the Merit Systems Protection Board in No. DE-1221-15-0132-W-1.

—————————

Decided: August 9, 2016

—————————

TERRI V. STRICKLAND-DONALD, Leavenworth, KS, pro se.

DELISA SANCHEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; ANNE E. HINKEBEIN, Office of the Judge Advocate General, Labor and Employment Law Division, United States Department of the Army, Rosslyn, VA.

—————————

Before O'MALLEY, WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

Terri V. Strickland-Donald appeals the final decision of the Merit Systems Protection Board ("MSPB") denying her request for corrective action sought in her Individual Right of Action ("IRA") appeal under the Whistleblower Protection Act of 1989 ("WPA"), Pub. L. No. 101-12, 103 Stat. 16 (codified as amended in scattered sections of 5 and 22 U.S.C.) and the Whistleblower Protection Enhancement Act of 2012, Pub. L. 112-199, 126 Stat. 1465 (codified as amended in scattered sections of 5, 6, and 31 U.S.C.). *See Strickland-Donald v. Dep't of the Army*, No. DE-1221-15-0132-W-1 (M.S.P.B. Dec. 31, 2015) (Resp't's App'x 31–43). We affirm.

## BACKGROUND

In November 2008, Ms. Strickland-Donald was employed by the United States Army ("Army") as an Audiovisual Production Specialist, at the GS-11 pay grade, in the Visual Information Support Center ("VISC") at Camp Humphreys, South Korea. Resp't's App'x 9, 32. In either late 2009 or early 2010, Ms. Strickland-Donald's first-line supervisor at Camp Humphreys, Douglas Mitchell, "advised her that he believed her position description needed to be updated to reflect additional duties she was performing, which merited a GS-12 classification." *Id.* at 32 (citation omitted). From May to December 2010, several Human Resource Specialists reviewed Ms. Strickland-Donald's job description, but those reviews did not result in the requested reclassification. *Id.* at 32–33. Mr. Mitchell subsequently retired in 2011. *Id.* at 33.

Because Ms. Strickland-Donald did not "receive[] the promotion to which she believed she was entitled," she "continued to raise the matter with various [Army] offi-

cials." *Id*.  In March 2013, Ms. Strickland-Donald pursued another avenue for obtaining reclassification when she apprised a senior rater about the actions taken in 2010. *Id*.  Ms. Strickland-Donald subsequently forwarded her communications with the senior rater to her new first-line supervisor, Edward Johnson. *Id*.  Mr. Johnson informed Ms. Strickland-Donald that he would discuss her reclassification with the Civilian Personnel Advisory Center ("CPAC"). *Id*.  No reclassification occurred as a result of these efforts. *Id*. at 33–34.

In July 2014, through the Army's Priority Placement Program, Ms. Strickland-Donald received a new job in Fort Leavenworth, Kansas, as an Audiovisual Production Specialist. *Id*. at 34.  This position was ranked at the GS-09 level, but Ms. Strickland-Donald retained a GS-11 level salary. *Id*.

Frustrated by an inability to secure a reclassification, Ms. Strickland-Donald filed a complaint with the United States Office of Special Counsel ("OSC"), and, after exhausting OSC procedures, she appealed to the MSPB. *Id*. at 49–52.  Ms. Strickland-Donald alleged that she made protected disclosures while stationed in South Korea and that the Army retaliated by not promoting her to the GS-12 level. *See id*. at 34, 49–52.  These protected disclosures included:

> (1) on March 2, 2011, [Ms. Strickland-Donald] emailed [Mr. Mitchell] stating that two employees complained to her that an email [Mr. Mitchell] had sent them used a "demeaning and intimidating" tone, and that she had personally experienced [Mr. Mitchell]'s "harsh and demeaning" communication style, which "created a hostile working environment" . . . ; (2) in March 2013, [Ms. Strickland-Donald] reported to the Inspector General [] that [Mr. Mitchell] had abused his authority by being abusive towards employees; (3) in

November 2011, [Ms. Strickland-Donald] reported to [Mr. Mitchell], [Deputy Garrison Commander Mark Cox], and others, that the resource manager for Camp Humphreys was improperly diverting funds from VISC to the rest of Camp Humphreys[] . . . ; (4) sometime after November 2012, [Ms. Strickland-Donald] reported to her then first-line supervisor, the Security Operations Manager, and the Chief of Staff that two directorates [the Public Affairs Office and the VISC] were ["]illegally meshed["]; and (5) in February 2013, [Ms. Strickland-Donald] reported to [Mr. Cox], [Mr. Johnson], and others, that Wi-Fi equipment was illegally installed on Government computers at Camp Humphreys.

*Id.* at 34–35 (citations and footnotes omitted). Ms. Strickland-Donald contends that the Army should have promoted her "from October 2010 to present." *Id.* at 34.

In an Initial Decision, the Administrative Judge ("AJ") determined that Ms. Strickland-Donald "failed to prove her prima facie claim of whistleblower retaliation" and therefore denied her request for corrective action. *Id.* at 8. Specifically, for events in 2010, the AJ concluded that "all critical [Army] decisions related to [her] efforts to be promoted occurred in 2010 and predated her whistleblowing; as such, her whistleblowing could not have been a contributing factor to the [Army]'s 2010 decisions." *Id.* The AJ further found that, even if Ms. Strickland-Donald had proven the necessary elements to demonstrate retaliation, "the problem remains that there is still no record evidence that [Mr.] Mitchell ever changed his mind and obstructed a promotion for" Ms. Strickland-Donald—i.e., committed an adverse action. *Id.* at 14. For events that occurred after 2010, the AJ assumed the alleged disclosures were made and concluded that the "challenged events occurring after 2010" "were not concrete personnel actions that could form the basis of a whistleblower

retaliation claim." *Id.* at 8 (citations omitted). "[N]o concrete personnel action or other identifiable steps were taken, or not taken, related to [Ms. Strickland-Donald's] promotion in 2011 and thereafter" and therefore "her disclosures were [not] a contributing factor in any [Army] actions related to not promoting her." *Id.* at 21 (emphases and citation omitted). Ms. Strickland-Donald then filed a petition for review requesting that the MSPB reconsider the AJ's Initial Decision.

The MSPB may grant petitions for review when the claimant presents new or previously unavailable evidence, the AJ's decision is inconsistent with required procedures, the AJ makes an error interpreting a law or regulation or erroneously applies the law to the facts of the case, or the AJ makes an erroneous finding of material fact. 5 C.F.R. § 1201.115(a)–(d) (2015). In its Final Decision, the MSPB affirmed the Initial Decision in all respects. *Id.* at 32, 40. The MSPB determined "the protected disclosures alleged in this appeal all occurred in March 2011 or thereafter. Thus, the [Army]'s failure to upgrade [Ms. Strickland-Donald]'s position and promote her beginning in December 2010, cannot have been due to those disclosures." *Id.* at 39 (footnotes and citation omitted). Ms. Strickland-Donald timely filed an appeal to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2012).

## DISCUSSION

### I. Standard of Review and Legal Standard

This court affirms the MSPB's decision unless, inter alia, it is "unsupported by substantial evidence." 5 U.S.C. § 7703(c)(3) (2012). "Substantial evidence is more than a mere scintilla" of evidence, *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938), but "less than the weight of the evidence," *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (citations omitted).

II. Substantial Evidence Supports the MSPB's Final Decision

Certain Federal agencies, including the Army, are "prohibited from taking a personnel action against an employee for" making a disclosure protected by the WPA (i.e., whistleblowing). *Chambers v. Dep't of Interior*, 602 F.3d 1370, 1375 (Fed. Cir. 2010) (citation omitted); *see King v. Dep't of Army*, 602 F. App'x 812, 813 (Fed. Cir. 2015) (unpublished) (reviewing whistleblower claim made against the Army). An employee, like Ms. Strickland-Donald, may bring an IRA appeal to the MSPB alleging that a "personnel action" was taken in retaliation for making a protected disclosure. 5 U.S.C. § 1221(a).

A petitioner bears the initial burden of demonstrating "by a preponderance of the evidence that the disclosure was 'a contributing factor' in the agency's personnel action." *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998). Specifically, the petitioner must demonstrate that (1) she made "a disclosure or [performed a] protected activity described under" 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure "was a contributing factor in the personnel action which was taken or is to be taken against" the employee, which can be shown through circumstantial evidence. 5 U.S.C. § 1221(e)(1). If the petitioner satisfies this burden, then the relevant agency must "demonstrate[] by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure." *Id.* § 1221(e)(2).

Ms. Strickland-Donald argues that the Initial and Final Decisions "did not encompass all of the facts or evidence and [the MSPB] ignored all violations which should have been addressed" when reviewing her claims. Pet'r's Br. 2 (citations omitted). We do not agree. In constructing the Initial and Final Decisions, the MSPB "has broad discretion to determine what the opinion should contain

and in what detail." *Lowder v. Dep't of Homeland Sec.*, 504 F.3d 1378, 1383 (Fed. Cir. 2007). "The failure to discuss particular contentions in a case . . . does not mean that the tribunal did not consider them in reaching its decision." *Id.* (citations omitted); *see Vick v. Dep't of Transp.*, 545 F. App'x 986, 991 (Fed. Cir. 2013) (unpublished) ("[T]his court presumes—absent specific evidence to the contrary—that the [MSPB] reviews all evidence presented unless [it] explicitly expresses otherwise." (citation omitted)). The AJ identified record evidence that was relevant to Ms. Strickland-Donald's appeal, within the relevant statutory framework, and properly considered this evidence in reaching the final determination. *See* Resp't's App'x 7–30. So too did the MSPB. *Id.* at 31–40. Neither the AJ nor the MSPB needed to do more.

Ms. Strickland-Donald next contends the AJ erred in his credibility determinations and weighing testimony. Pet'r's Br. 12–13, 24–30. This court has previously held that credibility determinations made by the MSPB are "virtually unreviewable." *Hambsch v. Dep't of Treasury,* 796 F.2d 430, 436 (Fed. Cir. 1986) (citations omitted); *see Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." (citations omitted)). The AJ correctly identified and applied the applicable legal framework under which credibility determinations must be made. *See* Resp't's App'x 10–11. Ms. Strickland-Donald does not identify, nor do we find, anything in the record to justify reconsidering the AJ's determinations.

Ms. Strickland-Donald also argues the AJ and MSPB "erred by stating all [Army] decisions predate[] the Whistleblowing 2010 timeframe." Pet'r's Br. 13. She does not,

however, identify record evidence in support of her argument, and such unsubstantiated claims cannot serve as a basis to establish MSPB error. *See, e.g.*, *Poett v. Merit Sys. Prot. Bd.*, 360 F.3d 1377, 1381 (Fed. Cir. 2004) ("unsubstantiated" assertions do not equate to evidence).

In any event, substantial evidence supports the AJ's findings. *See* Resp't's App'x 13–20 (AJ's analysis that Ms. Strickland-Donald's disclosures were not a contributing factor in the Army's actions in 2010 related to her position grading). In discussing the Army's actions in 2010, the AJ determined "the only disclosures about [Mr.] Mitchell that I found [Ms. Strickland-Donald] exhausted at OSC were her March 2, 2011 email to [Mr.] Mitchell confronting him about some of his behavior and a disclosure to the Inspector General."[1] *Id.* at 14 (citation omitted); *see id.* at 39 n.11 (MSPB stating the AJ did not err in "consider[ing] the pre-March 2011 disclosures" and finding these disclosures were "not properly exhaust[ed]" with OSC). After reviewing the relevant evidence and testimony, the AJ found "preponderant evidence that in 2010[] [Mr.] Mitchell advocated for CPAC to either upgrade her position as a GS-12 or otherwise to declare that she was performing GS-12 duties, but that [Mr.] Mitchell was not successful in that effort." *Id.* at 20; *see id.* at 16–20 (evidence and testimony considered by the AJ in reaching the conclusion that Mr. Mitchel did not waver in his support of the Army promoting Ms. Strickland-Donald); *Id.* at 37 (MSPB affirming the AJ's determination). Thus, we find no err in the AJ's and the MSPB's determinations.

Finally, Ms. Strickland-Donald argues that her "rights to due process under the Fifth [] and Fourteenth []

---

[1]    Absent a right to appeal directly to the MSPB, the WPA requires each petitioner to exhaust her administrative remedies with the OSC before appealing to the MSPB. 5 U.S.C. § 1214(a)(3).

Amendments were violated." Pet'r's Br. 4. However, Ms. Strickland-Donald does not identify the particular actor(s) and action(s) that *caused* the alleged violations. Without more, we find her arguments waived. *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) (holding that "'[w]hen a party includes no developed argumentation on a point . . . we treat the argument as waived'" (quoting *Anderson v. City of Bos.*, 375 F.3d 71, 91 (1st Cir. 2004))).

## CONCLUSION

We have considered Ms. Strickland-Donald's remaining arguments and find them unpersuasive. Accordingly, the Final Decision of the Merit Systems Protection Board is

## AFFIRMED

## COSTS

Each party shall bear its own costs.